# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JIMMIE LESTER,
    Plaintiff,

    vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,

    Defendants.

Case No. 1:16-cv-1065

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* complaint under 42 U.S.C. § 1983 alleging a violation of his constitutional rights by a mental health worker employed by the Ohio Department of Rehabilitation and Correction (ODRC). (*See* Doc. 1, Complaint; *see also* Doc. 4, at PAGEID#: 33-35). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this § 1983 prisoner civil rights action against the ODRC and DeAnn

Osgood, who was previously employed by the ODRC as a "mental health worker." (*See* Doc. 1,

Complaint, p. 4, at PAGEID#: 8).[1] Plaintiff alleges that defendant Osgood sexually abused him

when she was serving as plaintiff's "Mental Health Liaison," with "substantial control over

Plaintiff on a daily basis," over a period of three and one-half years that ended in February 2016.

(*See id.*, p. 6, at PAGEID#: 10; *see also* Doc. 4, at PAGEID#: 33). Plaintiff also alleges that the

defendant ODRC "did nothing to correct th[e] situation . . . when it was brought to the attention

of the institutional inspector." (*Id.*). As relief, plaintiff seeks 1.5 million dollars in damages and

injunctive relief in the form of an order requiring a reduction in plaintiff's "security interest" and

the end of "all retaliation" against plaintiff. (Doc. 4, at PAGEID#: 35).

---

[1] Apparently, Osgood is no longer employed by the ODRC as plaintiff has averred that Osgood resigned from her position with the state agency as a result of the allegations of "sexual misconduct" against the plaintiff that are alleged in the complaint. (*See* Doc. 1, p. 7, at PAGEID#: 11; *see also* Doc. 4, at PAGEID#: 34).

3

Upon review of the complaint, the undersigned concludes that plaintiff's claim for damages against defendant Osgood in her individual capacity is deserving of further development and may proceed at this early stage in the proceedings.[2] *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  However, plaintiff's claim against the ODRC should be dismissed because plaintiff's allegations fail to state a viable claim under § 1983, which requires a showing of a deprivation by a state actor of "a right secured by the United States Constitution or a federal statute."  *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

It is well-settled that state agencies, such as the ODRC, are not "persons" or legal entities that may be sued under § 1983.  *See, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).  *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-64, 71 (1989) (affirming the vacation of judgment against the state police department on the ground that "a State is not a person" within the meaning of § 1983).  Furthermore, to the extent

---

[2] It is noted that plaintiff is barred from bringing a suit for damages against Osgood in her official capacity as a "state actor."  *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Services,* 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").  To the extent that plaintiff has requested injunctive relief, Osgood, who is no longer employed by the ODRC, lacks any authority to provide the relief that plaintiff has requested.  In any event, plaintiff has failed to allege any facts that would suggest that the requested injunctive relief is warranted.

that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state agency defendant. *McGlone*, *supra*, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam). *Cf. Davis v. Maughmer*, No. C2-00-1415, 2002 WL 484853, at *3 (S.D. Ohio Mar. 5, 2002) (holding that "any claims against the Ohio State Highway Patrol are claims against the State of Ohio, which is entitled to sovereign immunity under the Eleventh Amendment").[3]

Accordingly, in sum, plaintiff may proceed only with his claim for damages against defendant Osgood in her individual capacity. Plaintiff's claim against the ODRC should be dismissed with prejudice because plaintiff's allegations against the state agency fail to state a claim upon which relief may be granted by this Court.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claim against the ODRC be dismissed with prejudice.

---

[3] It is noted that even if plaintiff had named the institutional inspector as a defendant in the complaint, any claim against that individual would be subject to dismissal because the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo*, 499 F. App'x at 455 (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Such a claim, which is based solely on the alleged failure of supervisory personnel to remedy the alleged unconstitutional behavior of a prison employee, is simply insufficient to give rise to an actionable § 1983 claim. *Cf. Chappell v. Morgan,* No. 2:15cv1110, 2016 WL 738098, at *4-5 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)) (holding that in the absence of any allegation that supervisory prison officials were involved in or encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016); *see also Shehee*, 199 F.3d at 300 (holding that prison officials, whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior,'" cannot be liable under § 1983). *Cf. Belcher v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv985, 2013 WL 122154, at *2 (S.D. Ohio Jan. 9, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 684738 (S.D. Ohio Feb. 25, 2013) (Weber, J.).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed with his claim for damages against defendant Osgood in her individual capacity.

2. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant DeAnn Osgood as directed by plaintiff, with costs of service to be advanced by the United States.

3. Plaintiff shall serve upon the defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to the defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 11/29/16

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JIMMIE LESTER,
      Plaintiff,

      vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
      Defendants.

Case No. 1:16-cv-1065

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

7