UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JIMMIE LESTER,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, et al.,
    Defendants.

Case No. 1:16-cv-1065
Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Warren Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff initially sued two defendants: the Ohio Department of Rehabilitation and Corrections (ODRC) and DeAnn Osgood, a mental health worker employed by the ODRC who resigned her position before plaintiff filed this lawsuit. (Doc. 6). The Court dismissed plaintiff's claim against the ODRC but allowed plaintiff to proceed with his claim for damages against defendant Osgood in her individual capacity. (Docs. 7, 11). This matter is now before the Court on plaintiff's motion to appoint counsel (Doc. 10) and plaintiff's motion to compel (Doc. 13).

Plaintiff moves the Court to appoint counsel for him on the grounds he is unable to afford counsel; his imprisonment will greatly hinder his ability to litigate, research, and contact defendant and her counsel; the issues involved in this case are complex and will require significant investigation; and a trial of this matter will likely involve conflicting testimony and the assistance of counsel would better enable plaintiff to present evidence and cross-examine witnesses. (Doc. 10). Plaintiff also suggests he has an unspecified disability. (*Id.*).

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided

funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. The Court will therefore deny plaintiff's motion for appointment of counsel.

By his motion to compel, plaintiff seeks a court order requiring non-party ODRC to provide information to him regarding the whereabouts of defendant Osgood so that he can perfect service on her. (Doc. 13). Plaintiff notes that service was attempted on defendant Osgood at the ODRC, but he acknowledges Osgood is no longer employed by the ODRC. (Doc. 13 at 1; *see* Docs. 6, 8). Plaintiff states he has received no information as to whether defendant Osgood has filed an answer or requested a continuance to do so. (Doc. 13 at 1). Plaintiff requests that counsel be appointed to assist him in obtaining discovery. (*Id.* at 1-2).

Under Fed. R. Civ. P. 4, plaintiff is responsible for having the summons and complaint served upon defendant within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Where, as here, plaintiff is a pro se prisoner proceeding *in forma pauperis*, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Plaintiff took "reasonable steps" to identify defendant Osgood so as to facilitate service. (*See* Doc. 8). The record shows that the United States Marshal's Service attempted to serve defendant Osgood at the ODRC at the address provided by plaintiff. (*Id.*). The summons were returned unexecuted on December 28, 2016, for the reason defendant is no longer employed by the ODRC. (Doc. 12). Because of the inherent security concerns with disclosing a prison employee's home or other personal address to a prison inmate, plaintiff is not entitled to information concerning defendant Osgood's current address. However, the undersigned will require the Ohio Attorney General to submit to the Clerk *under seal* a current address for defendant Osgood in order to facilitate service on her. Upon receipt of a new address, the Court will direct the United States Marshal's Service to re-serve defendant Osgood with process.

Accordingly, plaintiff's motion to appoint counsel (Doc. 10) and motion to compel (Doc. 13) are **DENIED**.

The Ohio Attorney General is **ORDERED** to submit *under seal* to the Clerk of Court, within **fourteen (14) days** of the date of this Order, a current address where defendant DeAnn Osgood may be served with process. The Ohio Attorney General shall file a notice of compliance with the Court after he has fulfilled this requirement.

The Clerk is **DIRECTED** not to post defendant Osgood's address on the public docket and to redact any documents submitted for filing that bear defendant Osgood's address. Further, the Clerk is **DIRECTED** to ensure service upon defendant Osgood of all documents filed by plaintiff. The Clerk shall mail any documents filed by plaintiff to defendant Osgood at the

3

address provided by the Ohio Attorney General, which shall be kept under seal.

**IT IS SO ORDERED.**

Date: 1/27/17

Karen L. Litkovitz
United States Magistrate Judge