UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JIMMIE LESTER,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
et al.,
    Defendants.

Case No. 1:16-cv-1065
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institute, brings this pro se civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the Court on plaintiff's motions for default judgment against defendants the Ohio Department of Rehabilitation and Correction (ODRC) and DeAnn Osgood (Docs. 15, 21) and defendant Osgood's response in opposition (Doc. 24); plaintiff's second motion for appointment of counsel (Doc. 26), defendant Osgood's response in opposition (Doc. 28), and plaintiff's reply (Doc. 29); plaintiff's motion for a ruling on his second motion for appointment of counsel (Doc. 27); and defendant Osgood's motion for leave to file a surreply to plaintiff's second motion for appointment of counsel (Doc. 30).

**I. Procedural history**

On November 30, 2016, plaintiff was granted leave to proceed *in forma pauperis* and he filed his complaint in this matter. (Docs. 5, 6). Plaintiff named two defendants: the ODRC and Osgood, a former ODRC employee who left the ODRC's employ before plaintiff filed this lawsuit. (Doc. 6). The Court dismissed plaintiff's claim against the ODRC but allowed plaintiff to proceed with his claim for damages against defendant Osgood in her individual capacity.

(Doc. 11).

On September 28, 2017, summons which had been sent to defendant Osgood at the ODRC were returned unexecuted with a letter from the ODRC stating Osgood was no longer employed there. (Doc. 12). Plaintiff filed a motion to compel the ODRC to provide information regarding Osgood's location. (Doc. 13). The Court subsequently ordered the Ohio Attorney General to submit Osgood's current address to the Clerk of Court under seal. (Doc. 14). Osgood waived service and counsel entered an appearance on her behalf on April 24, 2017. (Doc. 22). Osgood filed her answer to the complaint on that same date. (Doc. 23).

Plaintiff filed his first motion for default judgment against the ODRC and Osgood on March 3, 2017. (Doc. 15). Plaintiff acknowledged in the motion that Osgood had not yet been served and he did not state any reason why default should be entered against her. Plaintiff sought a default judgment against the ODRC on the ground it had not complied with the Court's Order directing the Ohio Attorney General to provide Osgood's current address. Plaintiff filed his second motion for entry of default/default judgment against the ODRC and Osgood on April 18, 2017. (Doc. 21). Plaintiff again relied on the ODRC's purported failure to comply with the Court's Order directed to the Ohio Attorney General, and he alleged that defendants had failed to defend this lawsuit. Defendant Osgood contends plaintiff is not entitled to a default judgment against her because the Court did not have jurisdiction over her at the time plaintiff filed his motions, and she has waived service and filed an answer to the complaint

## II. Motions for entry of default/default judgment

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under subsection (b)(2).

Plaintiff is not entitled to an entry of default under Rule 55(a) or default judgment under Rule 55(b)(2) against either the ODRC or Osgood. The ODRC was dismissed from the lawsuit on December 15, 2016, and is no longer a party to this action. (Doc. 11). Defendant Osgood remains a party to the lawsuit, but plaintiff has not provided a reason for entering her default. The record shows Osgood waived service on April 24, 2017 (Doc. 22), several days after plaintiff filed his second motion for default judgment. She filed her answer to the complaint that same date. (Doc. 23). Thus, Osgood has not "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

### III. Plaintiff's motion for appointment of counsel (Doc. 26)

Plaintiff's motion to appoint counsel is nearly identical to an earlier motion for appointment of counsel he filed in this matter. (*See* Doc. 10). In support of his second motion, plaintiff alleges he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, he needs counsel's assistance to present evidence and cross-examine witnesses at trial, and he has made repeated unsuccessful efforts to find counsel. (Doc. 26).

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). As the Court has previously determined, no such circumstances appear in this case.

(*See* Doc. 14). The Court will therefore deny plaintiff's second motion for appointment of counsel.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motions for default judgment (Docs. 15, 21) should be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for appointment of counsel (Doc. 26) is **DENIED**.

2. Plaintiff's motion for a ruling on his second motion for appointment of counsel (Doc. 27) is **DENIED** as moot.

3. Defendant Osgood's motion for leave to file a surreply to plaintiff's motion to appoint counsel (Doc. 30) is **DENIED** as moot.

Date: 6/12/17

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JIMMIE LESTER,
Plaintiff,

Case No. 1:16-cv-1065
Black, J.
Litkovitz, M.J.

vs.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).