UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JIMMIE LESTER,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
et al.,
    Defendants.

Case No. 1:16-cv-1065
Black, J.
Litkovitz, M.J.

ORDER

Plaintiff, an inmate at the Warren Correctional Institute, brings this pro se civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the Court on plaintiff's "Motion Pursuant to S.D. Ohio Civ. R. 37.1" (Doc. 32), plaintiff's motion to strike discovery requests he inadvertently filed with the Court (Doc. 39), and plaintiff's motion requesting clarification of the Court's Order staying discovery (Doc. 49).

Plaintiff does not request specific relief in his motion filed under Local Rule 37.1. (Doc. 32). Instead, plaintiff apparently seeks guidance from the Court concerning who his discovery requests should be directed to and served upon. As plaintiff acknowledges in his motion, the Court cannot advise plaintiff on how to prepare his case. Further, discovery has been stayed until after the pending motion for judgment on the pleadings has been resolved. (*See* Doc. 48). Plaintiff therefore is not entitled to relief under Local Rule 37.1.

Plaintiff moves the Court to strike interrogatories and a request for production of documents which he filed with the Court on July 1, 2017 (Docs. 33, 34). (Doc. 39). Plaintiff alleges he misunderstood his discovery obligations and did not realize that he should not have filed his discovery requests with the Court. Plaintiff is correct that he must serve his discovery

requests on the defendant rather than file them with the Court. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . ."). The Court therefore will grant plaintiff's request to strike his discovery requests from the record.

Plaintiff moves the Court to clarify its Order staying discovery which was issued on September 8, 2017. (Doc. 49). Plaintiff states that defendant has suggested he failed to oppose the requested stay; however, plaintiff alleges he has tried to comply with all Court Orders and exhaustion requirements and to respond to all motions. For example, plaintiff notes that he filed two responses in opposition to defendant's motion for judgment on the pleadings. (*Id.*, citing Docs. 38, 40). Plaintiff asks the Court to issue an Order informing him what he needs to file (presumably in response to defendant's motion to stay discovery) and granting him an extension of time to file.

Plaintiff did not file a timely response to the motion to stay discovery and has not shown there is a valid reason for the Court to revisit its decision staying discovery. The Court decided that discovery will not proceed in this case until after the Court has ruled on defendant's motion for judgment on the pleadings, which has not yet been resolved. Clarification of the Order staying discovery is not warranted.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for relief under S.D. Ohio Civ. R. 37.1 (Doc. 32) is **DENIED**.

2. Plaintiff's motion to strike discovery requests from the record (Doc. 39) is **GRANTED**. The Clerk is **DIRECTED** to strike Docs. 33 and 34 from the docket.

3. Plaintiff's motion for clarification (Doc. 49) is **DENIED**.

Date: 11/13/17

Karen L. Litkovitz
United States Magistrate Judge

2