# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JIMMIE LESTER,
    Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
    Defendants.

Case No. 1:16-cv-1065

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Warren Correctional Institution in Lebanon, Ohio, brings this action under 42 U.S.C. § 1983 against DeAnn Osgood, a former mental health worker employed by the Ohio Department of Rehabilitation and Correction (ODRC), alleging a violation of his constitutional rights.[1]  This matter is before the Court on defendant Osgood's motion for judgment on the pleadings (Doc. 36), plaintiff's memorandum in opposition (Doc. 40)[2], defendant's reply memorandum (Doc. 41), plaintiff's sur-reply memorandum (Doc. 43), defendant's motion to strike plaintiff's sur-reply memorandum (Doc. 45), and plaintiff's "request for leave to file answers to defendant's allegations with respect to plaintiff's motion to strike." (Docs. 46, 47).[3]

As an initial matter, the Court grants defendant's motion to strike plaintiff's sur-reply memorandum.  (Doc. 45).  Under the local rules of this Court, a sur-reply memorandum may not be filed without first obtaining leave of court and for good cause shown.  S.D. Ohio Civ. R.

---

[1] Defendant ODRC was dismissed on sua sponte screening of the complaint.  (Docs. 7, 11).
[2] Document 38 is plaintiff's original memorandum in opposition to defendant's motion for judgment on the pleadings.  Document 40 is a refiling of Document 38 with pages that were inadvertently omitted from Document 38 included in the memorandum.
[3] Documents 46 and 47 are duplicate filings.

7.2(a)(2). Plaintiff has not established good cause for obtaining leave to submit an additional memorandum in opposition to defendant's motion for judgment on the pleadings. (*See* Docs. 46, 47). Therefore, plaintiff's "request[s] for leave to file answers to defendant's allegations with respect to plaintiff's motion to strike" (Docs. 46, 47) are denied.

Plaintiff brings this § 1983 prisoner civil rights action against defendant Osgood, who was previously employed by the ODRC as a "mental health worker." (*See* Doc. 6 at 6).[4] Plaintiff alleges that defendant Osgood, on an ongoing basis for three and one-half years, sexually abused him when she was serving as plaintiff's "Mental Health Liaison." Plaintiff alleges that Osgood had "substantial control over Plaintiff on a daily basis" and that the sexual abuse continued from June 2012 until February 2016. (*Id.*). Plaintiff alleges that defendant Osgood was interviewed by an investigator/agent of the ODRC and admitted giving plaintiff greeting cards, money, and clothes and accepting telephone calls from plaintiff. (*Id.* at 7). As relief, plaintiff seeks 1.5 million dollars in damages and injunctive relief in the form of an order requiring a reduction in plaintiff's "security interest" and the end of "all retaliation" against plaintiff. (Doc. 6-1 at 3).

Defendant Osgood seeks judgment on the pleadings under Fed. R. Civ. P. 12(c). Osgood alleges that plaintiff's complaint is barred by the statute of limitations for § 1983 actions; plaintiff has failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); and defendant is entitled to qualified immunity.

Rule 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In determining a

---

[4] Apparently, Osgood is no longer employed by the ODRC as plaintiff has averred that Osgood resigned from her position with the state agency as a result of the allegations of "sexual misconduct" that plaintiff alleges in the complaint. (*See* Doc. 6 at 7).

motion for judgment on the pleadings pursuant to Rule 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Com'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). *See also JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Fritz*, 592 F.3d at 722.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pleadings by a pro se litigant must be liberally construed and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## I. Statute of Limitations

Defendant alleges that plaintiff's complaint is time-barred by the two-year statute of limitations that applies to Section 1983 claims.  Limitations periods in §1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules.  *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (citing *Board of Regents, University of New York v. Tomiano*, 446 U.S. 478, 484 (1980)).  The appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual.  *See Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).

Although state law provides the statute of limitations in a § 1983 action, federal law governs the question of when that statute of limitations begins to run.  *Wallace v. Kato,* 549 U.S. 384, 387 (2007); *Sevier v. Turner*, 742 F.2d 262, 272-273 (6th Cir. 1984).  The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury, i.e., when he should have discovered it through the exercise of reasonable diligence.  *Sevier,* 742 F.2d at 273; *see also Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007).

Plaintiff alleges defendant **Osgood sex**ually abused him on a daily basis for a period of three and one-half years from June 2012 through February 5, 2016.  Plaintiff filed his complaint

on November 9, 2016.[5] Therefore, the statute of limitations began running on November 9, 2014, two year prior to the filing of the complaint. While plaintiff's allegations of sexual abuse dating back to 2012 through November 9, 2014 are time-barred, the statute of limitations does not bar any discrete instances of alleged sexual abuse of plaintiff which occurred from November 9, 2014 through February 5, 2016. *See Durham v. Mohr*, No. 2:14-cv-581, 2015 WL 5244464, at *4-6 (S.D. Ohio Sept. 9, 2015) (analyzing *Sharpe v. Cureton*, 319 F.3d 259, 267-68 (6th Cir. 2003)). Accordingly, defendant's motion for judgment on the pleadings should be granted in part to the extent plaintiff's alleged claims of sexual abuse include discrete acts pre-dating November 9, 2014.

## II. Exhaustion of Administrative Remedies

Exhaustion of administrative remedies "is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Even where a prisoner "reasonably," albeit mistakenly, believes he has sufficiently exhausted the prison grievance procedure, the mandatory language of

---

[5] Plaintiff's complaint is deemed filed on the date his complaint and *in forma pauperis* application are received by the Clerk's office. "[W]hen a petitioner files for permission to file IFP, a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed IFP, even if the complaint is not formally stamped 'filed' until a later date when the IFP application is granted." *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004).

the statute precludes a court from excusing exhaustion to take into account such special circumstances. *Ross v. Blake*, 136 S.Ct. 1850, 1856 (2016).

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). "[T]he failure to exhaust 'must be established by the defendants.'" *Id.* (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Thus, defendants bear the burden of proof on exhaustion. *Id.*

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "To properly exhaust a claim, prisoners must tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines. . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within fourteen days of the

event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within fourteen calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of chief inspector of the ODRC within fourteen days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3).

Defendant contends that plaintiff did not exhaust his administrative remedies prior to filing the instant action and his complaint should be dismissed on this basis. Citing to plaintiff's complaint, defendant alleges that plaintiff admits he did not comply with the mandates of Ohio Adm. Code § 5120-9-31(K) because he states he only "contacted various department staff members in conjunction to the PREA [Prison Rape Elimination Act]." (Doc. 6-1, PageID #: 42). Defendant contends these contacts do not constitute proper exhaustion under the prison grievance procedure.

Plaintiff alleges he has been diligent in filing "all proper complaints with the proper authorities in all institutions that plaintiff has been transferred to as a result of the emotional and mental stress caused by Defendant Osgood." (Doc. 40 at 4). He alleges he filed his "only complaint . . . after the abuse was brought to the attention of the investigator in 2016." (*Id.*). Plaintiff states the documents attached to his response to the motion for judgment on the pleadings shows he exhausted his administrative remedies. (Doc. 40 at 14-19).

Attached to plaintiff's memorandum in opposition to the motion for judgment on the

pleadings are several documents related to the prison grievance procedure. Plaintiff filed an Informal Complaint Resolution (ICR) on August 22, 2016 with the warden of the Richland Correctional Institution where he was incarcerated at the time and where defendant Osgood was employed. (Doc. 40 at 14). The ICR alleges "Inappropriate Supervision (PREA)" on the part of defendant Osgood. Plaintiff alleges that once it was discovered there was an inappropriate relationship between plaintiff and defendant Osgood, plaintiff was placed in segregation, then later transferred to the Marion Correctional Institution (MCI). While at MCI, plaintiff states there were 182 phone calls with defendant Osgood, many of a sexual nature, which were not investigated by the PREA coordinator. The ICR also alleges that plaintiff and defendant Osgood carried on a relationship for approximately four years and he was "manipulated into thinking that had [he] not complied with her demands that things would be rough on [him]." (*Id*.). The ICR states that plaintiff believed he was being retaliated against as a result of defendant's actions. (*Id*.). The warden responded on August 30, 2016, stating she would refer plaintiff's case to "Mr. Hoffert" who would investigate plaintiff's retaliation claims. The warden stated she could not address the actions of the "State Patrol," which was presumably investigating the alleged inappropriate relationship, because the warden does not supervise the State Patrol. (*Id*.).

Plaintiff submitted two Notifications of Grievance. The first is virtually illegible and the Court cannot discern the date or the institution at which it was filed. (Doc. 40 at 16). The second Notification of Grievance is dated November 1, 2016 and appears to have been filed when plaintiff was an inmate at the Warren Correctional Institution. (Doc. 40 at 15). There is a Disposition of Grievance dated October 13, 2016, which references a grievance filed on September 30, 2016, concerning the "involuntary" relationship between plaintiff and a former

mental health psychology assistant at the Richland Correctional Institution. (Doc. 40 at 17). The

Disposition sets forth the steps the institutional inspector took to investigate the issue. The

Disposition further states, "No informal Complaint was provided with this grievance, nor was

one filed and grieved within the required 14 days of response." (Doc. 40 at 17, 18). The

Institutional Inspector also wrote, "This issue is not a grievable issue in nature as it was heard

and decided in RIB [Rules Infraction Board]. No informal Complaint was attached and Mr.

Lester has grossly exceeded the timeliness for filing concerns with the grievance process. A

PREA Case was opened and closed." (Doc. 40 at 18).

Finally, plaintiff submits a Decision of the Chief Inspector on a Grievance dated

December 5, 2016. The Decision states:

> In your complaint you state the warden failed to adequately respond when you
> filed a grievance on 8/22/16 claiming inappropriate supervision. You state "Mr.
> Hoffert stated in part 'your 14 days has expired.'" You state you were in LPH
> and could not file.
>
> Upon review of your complaint and administrative rule 5120-9-31 and 5120-9-04, I
> find 5120-9-31 states in part "Grievances against the warden or inspector of
> institutional services must be filed directly to the office of the chief inspector within
> thirty calendar days of the event giving rise to the complaint. Therefore, I find your
> filing to be untimely. However, in light of the inappropriate allegations, this office
> will follow up accordingly.
>
> I find that Administrative Rule 5120-9-31, Inmate Grievance Procedure, states in
> pertinent part that grievances in which the Warden or Inspector of Institutional
> Services has been made a party must show that the Warden or Institutional Services
> was personally and knowingly involved in a violation of law, rule, or policy and
> approved it, or did nothing to prevent it. There are no facts in the current grievance
> that meet these requirements.
>
> Accordingly, this grievance is denied. This office will take no further action.

(Doc. 40 at 19).

Defendant argues that these documents show plaintiff failed to exhaust his administrative remedies against Osgood for purported sexual misconduct, and his only grievance against the warden for an unrelated claim for failing to investigate was both untimely and inappropriately filed.

Based on the current record before the Court, defendant has not established that plaintiff failed to fully exhaust his administrative remedies based on his Eighth Amendment claim against defendant Osgood. The Decision of the Chief Inspector on a Grievance states, "I find your filing to be untimely. However, in light of the inappropriate allegations, this office will follow up accordingly." (Doc. 40 at 19). Defendant construes the term "follow up" to mean the actions set forth in the last paragraph of the Chief Inspector's Decision relating to the warden's involvement in the matter. However, the Court determines that the Chief Inspector's statement is ambiguous and is subject to another interpretation: that in light of the allegations of "inappropriate" supervision, the office would conduct a further investigation. Defendant has submitted no evidence clarifying whether the Chief Inspector's office took any further action on plaintiff's complaint of sexual abuse by defendant. Moreover, the fact that there are two Notifications of Grievance, but only one Disposition of Grievance, suggests there may be another Disposition of Grievance in this matter, from which plaintiff was required to file a further appeal. The Court cannot conclude based on the incomplete documentation submitted by plaintiff that defendant is entitled to judgment on the pleadings on the issue of exhaustion. Defendant bears the burden of proof of showing exhaustion, and she has not met her burden based on the scant record before the Court. Therefore, at this juncture, defendant's motion for judgment on the pleadings should

be denied on the basis of exhaustion of administrative remedies, subject to reconsideration on a more complete record.

### III. Qualified Immunity

Defendant Osgood asserts she is entitled to qualified immunity on plaintiff's Eighth Amendment claim. Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Once a defendant raises a qualified immunity defense, the plaintiff must satisfy a two pronged analysis: (1) did the officer's conduct violate a constitutional right, and (2) if the first step is satisfied, was the right clearly established at the time of the injury? *Saucier v. Katz,* 533 U.S. 194, 201 (2001), *overruled in part, Pearson v. Callahan,* 555 U.S. 223 (2009).

Defendant alleges she is entitled to qualified immunity in this case because plaintiff's allegations do not rise to the level of a constitutional violation. Defendant alleges that plaintiff's "allegations amount to being given clothes and money and being involved in telephone conversations (which he initiated) that were supposedly sexual in nature." (Doc. 41 at 5, citing *Ivey v. Wilson,* 832 F.2d 950 (6th Cir. 1987); *Knecht v. Collins,* 903 F. Supp. 1193, 1203 (S.D. Ohio 1995); *Lakhani v. Seneca Cty. Sheriff's Office,* Case No. 3:10 CV 00011, 2011 U.S. Dist. LEXIS 78424 (N.D. Ohio 2011)).

Liberally construing plaintiff's complaint as the Court must do on a motion for judgment on the pleadings, plaintiff's complaint alleges more than receiving gifts and phone calls from defendant Osgood. He alleges that while he was an inmate receiving mental health treatment

from defendant Osgood on an ongoing basis for three and one-half years, Osgood sexually abused him when she was serving as plaintiff's "Mental Health Liaison." Although it is true that plaintiff's complaint includes allegations that Osgood admitted giving plaintiff greeting cards, money, and clothes and accepting telephone calls from plaintiff (*Id.* at 7), plaintiff's complaint also includes allegations of sexual abuse and sexual contact between plaintiff and Osgood. (Doc. 6 at 6-8). Though plaintiff does not expound on the specific nature of the sexual abuse or contact, "[a] prisoner's right to be free from sexual assault was a clearly established right prior to the time of the alleged abuse." *Lakhani v. Seneca Cty. Sheriff's Office*, No. 3:10 CV 00011, 2011 WL 2938150, at *19 (N.D. Ohio June 30, 2011) (Report and Recommendation), *adopted*, 2011 WL 2848224 (N.D. Ohio July 19, 2011). *See also Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015) ("[A] single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct."). At this juncture, plaintiff's pro se complaint is sufficient to state a clearly established claim for relief under the Eighth Amendment. Defendant's motion for judgment on the pleadings based on qualified immunity should be denied.

## IT IS THEREFORE ORDERED THAT:

1. Defendant's motion to strike plaintiff's sur-reply memorandum (Doc. 45) is **GRANTED**.

2. Plaintiff's "request[s] for leave to file answers to defendant's allegations with respect to plaintiff's motion to strike" (Docs. 46, 47) are **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Osgood's motion for judgment on the pleadings (Doc. 36) be **GRANTED** in part to the extent plaintiff's alleged claims of sexual abuse include discrete acts pre-dating November 9, 2014.

2. Defendant Osgood's motion for judgment on the pleadings (Doc. 36) be **DENIED** in all other respects.

Date: 1/24/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JIMMIE LESTER,
    Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
    Defendants.

Case No. 1:16-cv-1065

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).