# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JIMMIE LESTER, | : | Case No. 1:16-cv-1065 |
|     Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| OHIO DEPARTMENT OF | : | |
| REHABILITATION AND | : | |
| CORRECTION, *et al.*, | : | |
|     Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORTS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 31, 51)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and submitted a Report and Recommendation recommending that Plaintiff's motions for default judgment be denied. (Doc. 31). No objections were filed.

Subsequently, the Magistrate Judge submitted a Report and Recommendation recommending that Defendant's motion for judgment on the pleadings be granted in part and denied in part. (Doc. 51). Defendant timely filed an objection ("Objection"). (Doc. 53).[1] [2]

---

[1] The docket reflects that Plaintiff filed an "OBJECTION to [the] Report and Recommendation" (Doc. 54) but Plaintiff's filing is actually a memorandum in opposition to Defendant's Objection.

[2] Defendant filed an unopposed motion for extension of time before filing his Objection one day after it was originally due. Defendant's motion for extension (Doc. 52) is **GRANTED** and the Court considers Defendant's Objection (Doc. 53) timely filed.

Defendant's Objection is unavailing.  Defendant argues Plaintiff's claims are barred by the statute of limitations, but the Magistrate Judge properly concluded that, pursuant to the governing two-year statute of limitations, Plaintiff can recover for instances of alleged sexual abuse which occurred from November 9, 2014, through February 5, 2016.  Defendant argues Plaintiff did not exhaust his claims, but the Magistrate Judge properly found that Defendant's PLRA affirmative defense could not be adjudicated based on the facts alleged on the face of the complaint.  Finally, Defendant argues she is entitled to qualified immunity, but the Court agrees with the Magistrate Judge that Plaintiff's *pro se* complaint is sufficient to state a clearly established claim for relief under the Eighth Amendment.  The Court is also cognizant of the Sixth Circuit's position that it is "generally inappropriate" for a district court to grant a Rule 12 motion on the basis of qualified immunity.  *See Wesley v. Campbell*, 779 F.3d 421, 434 (6th Cir. 2015).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court does determine that the Reports and Recommendations should be and are hereby adopted in their entirety.  Accordingly:

1. The Reports and Recommendations (Doc. 31, 51) are **ADOPTED**;
2. Defendant's motion for extension of time to Object (Doc. 52) is **GRANTED**;
3. Defendant's Objection (Doc. 53) is **OVERRULED**;

4. Plaintiff's motions for default judgment (Docs. 15, 21) are **DENIED**;

5. Defendant's motion for judgment on the pleadings (Doc. 36) is **GRANTED** in part to the extent Plaintiff's alleged claims of sexual abuse include discrete acts pre-dating November 9, 2014, and **DENIED** in all other respects.

**IT IS SO ORDERED.**

Date: 2/28/19

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge